# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30976

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2016

Lyle W. Cayce
Clerk

RSUI INDEMNITY COMPANY,

Plaintiff - Appellant

v.

AMERICAN STATES INSURANCE COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2820

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

Appellant RSUI Indemnity Company alleges that Appellee American States Insurance Company failed to properly defend a lawsuit against their common insureds. Following a three-day bench trial, the district court entered judgment for American. In a thorough 33-page order, the court rejected RSUI's subrogation claim for two independent reasons: (1) the common insureds had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30976

no rights to subrogate to RSUI; and, even if they did, (2) RSUI did not carry its burden of proof on causation.

Without passing on the validity of the first reason, we affirm the district court's conclusion that RSUI did not carry its burden of proof on causation. The parties agree that the district court's conclusion regarding causation is a finding of fact that we review for clear error. "Reversal is warranted under clear error review only if the court is 'left with the definite and firm conviction that a mistake has been committed.'"[1] RSUI urges that it offered two expert reports at trial that should leave us with such a "definite and firm conviction." But these reports do nothing to refute the basis of the district court's finding on causation—the testimony of the plaintiff's lawyer that he would not have settled for less than $3 million. Indeed, as American notes, the reports were prepared prior to trial and could not have considered this testimony.

At best, these reports—which were admitted into evidence in lieu of the preparing expert's testimony—conflict with the testimony of the plaintiff's lawyer. The Supreme Court has "unequivocally stated" that "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."[2] We are not persuaded that this is the exceptional case.

The judgment of the district court is AFFIRMED.

---

[1] *Barto v. Shore Constr., L.L.C.*, 801 F.3d 465, 471 (5th Cir. 2015) (quoting *Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 213 (5th Cir. 2006) (per curiam)).

[2] *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985)).